IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERRENCE POUNCEY | * | |
| Plaintiff, | * | |
| v. | * | 1:11-CV-456-ID (WO) |
| RICKEY STOKES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a Dothan City Jail inmate, complains that his constitutional rights were violated by an employee and owner of the A-Advantage Bonding Company. Plaintiff names as defendants A-Advantage Bonding Company, Rickey Stokes, the owner of the bonding company, and "Brandon," an employee of the company. Plaintiff seeks punitive damages and return of his bond money.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. DISCUSSION**

In the instant complaint, Plaintiff asserts claims against the owner and an employee

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

of a bail bond company as well as the bail bond company itself for actions taken against him on May 4, 2011.  Specifically, Plaintiff contends that he went to A-Advantage Bonding company to request information about a court date whereupon Defendant Brandon proceeded to "jack him up" and handcuff him. Plaintiff further alleges that Defendant Stokes breached a contract agreement by taking Plaintiff off his bond but refusing to return to him his bond money.   *(Doc. No. 1.)*

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law.  *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *see also Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir.1992). The law is clear that "the under-color-of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).

"To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.' " *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.,* 984

F.2d 401, 403 (11th Cir. 1993) (quoting *Lugar,* 457 U.S. at 937). Plaintiff's complaint does not allege or demonstrate that Defendants are "state actors" or that the alleged deprivation took place under color of state law as required by § 1983.

In general, bounty hunters and bail bondsmen are not state actors for purposes of § 1983. *See Green v. Abony Bail Bond,* 316. F. Supp.2d 1254, 1260-61 (M.D. Fla.2004) ("history indicates that bail bonding has never been an exclusive privilege of the sovereign. Rather, since the inception of the American legal system, bail was administered by private citizens and businessmen."). " 'When bondsmen unilaterally apprehend their principals without any assistance from law enforcement officials, courts have consistently found them not to be state actors.' " *Id.* (quoting *McCoy v. Johnson,* 176 F.R.D. 676, 682 (N.D. Ga.1997)). Plaintiff's complaint does not allege facts indicating that the State of Alabama coerced or significantly encouraged Defendants' conduct or actions as described in the complaint. *See generally Landry v. A-Able Bonding,* 75 F.3d 200, 205 (5th Cir.1996) ("[T]he mere possession of an arrest warrant does not render a bail bondsman a state actor under § 1983."). Here, Plaintiff's claims of breach of contract and a random, unprovoked assault by an employee of a bonding company fail to allege facts indicating that any Defendant acted under color of state law.[2]

While a *pro se* plaintiff's allegations are afforded some liberality in interpretation, *see Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[ *p* ] *ro*

---

[2] Plaintiff's claims of assault and battery and breach of contract sound in state tort and contract law. His claims against the named defendants may, therefore, be more appropriately pursued in state court.

*se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"), the court cannot proceed with a complaint filed pursuant to § 1983 where the named defendants are not state actors. The court is mindful that Plaintiff is not required to prove his claim(s) in his complaint. He must, however, allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. The court has carefully reviewed the allegations in the instant action and finds that Plaintiff has failed to carry that burden. The court, therefore, finds that no relief could be granted against the named Defendants under any set of facts that could be proved consistent with the allegations made by Plaintiff in his complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

Because the actions about which Plaintiff complains were not committed by persons or entities acting under color of state law, the claims presented by him are frivolous and, therefore, subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 1, 2011**. Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of June 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE